# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02268

COMCAST SPORTSNET CALIFORNIA, LLC
f/k/a COMCAST SPORTSNET WEST, INC.;
COMCAST SPORTSNET CHICAGO, LLC
COMCAST SPORTSNET MID-ATLANTIC, L.P.; and
SPORTSCHANNEL PACIFIC ASSOCIATES,

    Plaintiffs,

v.

DISH NETWORK L.L.C.,

    Defendant.

---

**JOINT MOTION TO RESTRICT PUBLIC ACCESS
TO UNREDACTED COMPLAINT**

---

Plaintiffs Comcast SportsNet California, LLC; Comcast SportsNet Chicago, LLC; Comcast SportsNet Mid-Atlantic, L.P.; and SportsChannel Pacific Associates, t/a Comcast SportsNet Bay Area (collectively, "Plaintiffs") and Defendant DISH Network L.L.C. ("Defendant") respectfully submit this Motion to Restrict Public Access to Unredacted Complaint (the "Motion"). The interests of the Plaintiffs and Defendant (collectively, the "Parties"), and the interests of the public as a whole, weigh in favor of maintaining the confidentiality of the sensitive license agreements at issue in this litigation. For the reasons described herein, these interests overcome the presumption of open access to judicial documents. Indeed, public disclosure of such sensitive business and proprietary information could harm all Parties' competitive standing and could ultimately adversely affect the public through reduced competition in the industry.

## I.     STATEMENT OF FACTS

The four Plaintiffs in this action are regional sports networks, currently known as Comcast SportsNet Bay Area ("CSN-Bay Area"), Comcast SportsNet California ("CSN-California"), Comcast SportsNet Chicago ("CSN-Chicago"), and Comcast SportsNet Mid-Atlantic ("CSN-MA"). The Plaintiffs exhibit live professional and collegiate sports events and related programming ("CSN Services") within certain geographical areas. These CSN Services are distributed by multichannel video programming distributors ("MVPDs"), including Defendant, and other satellite and cable providers such as DIRECTV, Comcast, Time Warner Cable, Charter Communications, Verizon FIOS, and AT&T U-verse.

Plaintiffs initiated this action by filing a Level 1 restricted Complaint against Defendant on August 14, 2014, for breach of contract, breach of the implied duty of good faith and fair

dealing, and violation of the Colorado Consumer Protection Act.  The allegations arise from four substantively-identical license agreements that govern Defendant's carriage of the CSN Services (collectively the "CSN Agreements").

The CSN Agreements at issue in this case contain a strict confidentiality provision, agreed to by all Parties. Specifically, Section 20 of the CSN Agreement provides, in pertinent part:

> The terms and conditions of this Agreement shall remain confidential between the parties and shall not be disclosed by either party except: (a) as may be required by any court of competent jurisdiction, governmental agency, law or regulation, . . . (c) to enforce a party's rights pursuant to this Agreement; provided that prior to such disclosure such party shall seek confidential treatment of such information; . . . .  When the term "seek confidential treatment" is used herein, the parties agree and acknowledge that, except where disclosure is compelled by a court or other regulatory entity of competent jurisdiction, such treatment shall require the advance notification of the non-producing party and the producing party shall cooperate to provide the non-producing party with the opportunity to provide comments to the proposed protective order in advance of any such production (such comments not to be unreasonably withheld, delayed or conditioned). . . . [1]

The Complaint in this action contains confidential information subject to this provision of the CSN Agreements.  Consistent with Section 20, therefore, Plaintiffs initially filed an unredacted version of the Complaint as a Level 1 restricted document.  The Parties now jointly file this Motion in accordance with Local Civil Rule 7.2 respectfully seeking to permit access to most of the Complaint and to maintain under Level 1 restriction only those portions of the Complaint that contain highly confidential terms and conditions from the CSN Agreements (and certain discussion tending to disclose those specific terms and conditions).

---

[1] Pursuant to Section 20, the Parties intend to confer regarding a proposed protective order at the appropriate time.

Although the Parties agree that the Complaint contains highly confidential business and proprietary information that should be redacted, they disagree regarding the proper scope of the redactions. Plaintiffs' proposed redacted version of the Complaint ("Plaintiffs' Redacted Complaint"), excising references to the highly confidential terms and conditions from the CSN Agreements, is attached to this Motion as "Exhibit 1.". For the Court's convenience, the Parties also attach "Exhibit 2," which includes the agreed-upon redactions in highlighting for the Court to review in context. Defendant agrees to all of the redactions in Plaintiffs' Redacted Complaint but believes additional redactions are necessary. On this same date, Defendant is separately filing a motion to restrict public access to those additional portions of the Complaint ("Defendant's Motion to Restrict Access") and is attaching to that Motion an alternative version of the redacted Complaint ("Defendant's Redacted Complaint") that includes the additional redactions sought by Defendant but not Plaintiffs, who believe the additional redactions neither disclose specific terms of the agreements nor implicate any confidentiality interest to justify redaction from public view. As detailed in Defendant's Motion to Restrict Access, Defendant believes the additional redactions are both consistent with the agreed-on redactions and, more importantly, necessary to protect highly sensitive information that would cause competitive harm to Defendant if made public.

## II.  ARGUMENT

Documents may be sealed within the docket when the public's right of access is outweighed by interests favoring non-disclosure. *See United States v. McVeigh*, 119 F.3d 806, 811-12 (10th Cir. 1997) (upholding sealing orders). And "[i]t is within the district court's discretion to determine whether a particular court document should be sealed." *Doe v. Boulder*

*Valley School District No. RE-2*, 2011 WL 3820781, at *1 (D. Colo. Aug. 30, 2011) (citing *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978)).

Under this Court's Local Rules of Practice, a party requesting the sealing of documents must:

1. Identify the document or the proceeding for which restriction is sought;

2. Address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restricted access);

3. Identify a clearly defined and serious injury that would result if access is not restricted;

4. Explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

5. Identify the restriction level sought (i.e., Level 1 = access limited to the parties and the court; Level 2 = access limited to the filing party and the court; Level 3 = access limited to the court).

D.C.COLO.LCivR 7.2(c). As shown below, this Joint Motion satisfies each of these requirements.

### A. Identification of the Portions of the Document Sought to be Restricted

As noted above, the Parties seek to restrict public access only to the highly confidential terms and conditions of the Parties' licensing agreements and certain statements found within the Complaint that disclose, either literally or in summary fashion, the specific highly confidential terms and conditions of the Parties' licensing agreements. The Parties do not seek to restrict access to statements that provide an explanation of the claims and issues in this litigation.

Accordingly, such limited redactions will not impede the public's understanding or perception of this lawsuit.

**B.    The Balance of Interests Weighs in Favor of Limited Restricted Access**

    **1.    *Limited Restricted Access Protects the Parties' Interests in Guarding their Proprietary Information***

Courts have recognized the great significance of commercial confidentiality and found that "[a]ccess properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-CV-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011); *see also Two Moms and a Toy, LLC v. International Playthings*, LLC, 10-cv-02271-PAB-BNB, 2011 WL 5593572, at *3 (D. Colo. Oct. 17, 2011) ("privacy and preservation of trade secrets are among the interests which have been found, under certain circumstances, to overcome the presumption of openness")(citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)).

The CSN Agreements are proprietary documents and are maintained by the Parties in the strictest confidence. Indeed, these types of license agreements for carriage of video programming are considered to be the type of private and highly sensitive documents that demand confidential treatment. *See, e.g.*, 47 C.F.R. § 0.457(d) (FCC rules specifically afford confidential treatment to programming agreements); *In re Applications of Comcast Corporation, General Electric Company and NBC Universal, Inc. for Consent to Assign Licenses or Transfer Control of Licensees, Order*, MB Docket No. 10-56, DA 10-662 (MB rel. Apr. 30, 2010) (granting a protective order covering highly confidential treatment of "Video Programming and Carriage Agreement Terms and Conditions"). And rightfully so—public disclosure of the CSN Agreements would negatively impact the Parties' ability to maintain their competitive standing

in the industry.  As explained in more detail *infra* Section C, public disclosure of the terms and conditions governing the Parties' relationships would open up highly confidential and proprietary information to direct competitors of all Parties, among others. .

    **2.**    *Limited Restricted Access Protects the Public Interest*

Under the circumstances described above, the Court can satisfy the public's interest in monitoring this judicial action by making the Redacted Complaint[2] available to the public.  The Redacted Complaint contains all information necessary for the public to assess the claims and causes of action in this litigation. *See* Ex. A.  As noted above, the Redacted Complaint carefully distinguishes between allegations that tend to disclose the specific highly confidential terms and conditions of the Parties' *agreements* and allegations concerning the Parties' *conduct*.  Redaction of the former serves the public interest by allowing businesses to pursue proper and legitimate claims in courts of law without fearing forced disclosure of proprietary and competitive information to the public, while inclusion of the latter enables the public to understand the nature and substance of the Plaintiffs' claims.   The balance of interests in this litigation supports the limited restricted access proposed in Exhibit 1.

**C.**    **The Parties and the Public Would Suffer Serious Injury if Access is not Restricted**

Public access to the highly confidential terms and conditions of the CSN Agreements would prejudice the Parties and the public.  In related contexts, the Federal Communications Commission has considered this exact issue and consistently recognized that "disclosure of

---

[2]    References in this Joint Motion to the "Redacted Complaint" mean, from Plaintiffs' perspective, Plaintiffs' Redacted Complaint attached to this Motion as Exhibit 1 and, from Defendant's perspective, the Redacted Complaint attached to Defendant's Motion to Restrict Public Access to the Unredacted Complaint as Exhibit A.

programming contracts between multichannel video program distributors and programmers can result in *substantial competitive harm* to the information provider." *Examination of Current Policy Concerning the Treatment of Confidential Information Submitted to the Commission*, Report and Order, 13 FCC Rcd. 24816, ¶ 61 (1998) (emphasis added).

There are countless ways in which competitors and other distributors could use this confidential information to the Parties' disadvantage.  For example, any programmer with access to this information could determine the terms, conditions, and pricing structure by which Plaintiffs sell their programming to distributors.  This would enable such programmer to strategically price and market its own services to cause significant harm to Plaintiffs' business and the competitive process generally.  Further, any distributor with access to the terms of the CSN Agreements would have an enormous advantage over Plaintiffs in future contract negotiations.  For example, if a distributor knew the terms of a Plaintiff's carriage agreement with another distributor, it would have undue leverage against that Plaintiff when negotiating the distributor's own carriage agreement.

**D.      The Filing of a Redacted Complaint is the Least Restrictive Alternative**

The Parties present here a "less restrictive alternative" to sealing the entire Complaint. As previously described, the Redacted Complaint excises only those portions of the Complaint that quote or summarize specific highly confidential terms and conditions of the CSN Agreements. Public access to the redacted version of the Complaint would still permit the public to monitor, review, and evaluate this litigation.  By restricting access to only the highly confidential portions of the Complaint, the Parties appropriately balance the common law right to public access with the legitimate confidentiality interests of both Plaintiffs and Defendant.

### E. The Parties Request the Least Restrictive Level of Access

Parties seek a Level 1 restriction, which limits access to Parties and the Court and is the lowest level of restricted access afforded by Local Civil Rule 7.2. Granting this requested relief will not prejudice either party or interfere with the Court's administration of justice while appropriately preserving the confidentiality of the material terms of the CSN Agreements.

### III. REQUEST FOR RELIEF

For the reasons stated above, Plaintiffs and Defendant respectfully request that their Joint Motion be granted and that the unredacted Complaint filed on August 14, 2014 be afforded Level 1 restricted access pursuant to Local Civil Rule 7.2(b).

Further, the Parties respectfully request that the redactions included in the redacted version of the Complaint, which is attached as "Exhibit 1" to this Motion, be adopted. Plaintiffs request that the redacted version of the Complaint, which is attached as "Exhibit 1" to this Motion, be filed and made publicly available. Defendant, in contrast, requests that the redacted version of the Complaint, which is attached as "Exhibit A" to Defendant's Motion to Restrict Access, be filed and made publicly available.

Dated:  October 2, 2014

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP


By: _/s/ Robert C. Blume_____
      Robert C. Blume, Bar No. 37130
      Laura M. Sturges, Bar No. 36843
      1801 California Street, Suite 4200
      Denver, CO 80202-2642
      Telephone: (303) 298-5700
      Fax: (303) 313-2870
      E-mail: RBlume@gibsondunn.com

*Attorneys for Plaintiffs Comcast SportsNet California, LLC f/k/a Comcast SportsNet West, Inc.; Comcast SportsNet Chicago, LLC; Comcast SportsNet Mid-Atlantic, L.P.; and SportsChannel Pacific Associates, d/b/a*


WHEELER TRIGG O'DONNELL LLP


By: _/s/ Kathryn A. Reilly_____
      Michael L. O'Donnell
      Kathryn A. Reilly
      370 Seventeenth Street, Suite 4500
      Denver, CO 80202-5647
      Telephone: (303) 244-1800
      Fax: (303) 244-1879
      E-mail: odonnell@wtotrial.com
             reilly@wtotrial.com
             montville@wtotrial.com

*Attorneys for Dish Network, L.L.C.*